ENNIS v. MYERS.·

(Supreme Court, Appellate Division, First Department.   May 6, 1898.)

NUISANCE—OBSTRUCTION IN SIDEWALK.

   The complaint in an action for damages alleged that in front of a build-
   ing in New York City, owned by defendant, in the public sidewalk, "the
   defendant had maintained a large aperture," into which the plaintiff fell,
   and was injured.   *Held* that, in the absence of an an allegation that the open-
   ing·was wrongfully or unlawfully made or maintained, or of facts from
   which the same could be inferred, the complaint failed to state a cause of
   action for a nuisance.

· Appeal from trial term.

Action by James Ennis against Theodore W. Myers and others.
From an order denying a new trial, Myers appeals.   Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN,
McLAUGHLIN, and INGRAHAM, JJ.

Benjamin M. Cardozo, for appellant.
· John W. Hutchinson, Jr., for respondent.

McLAUGHLIN, J.   The defendant Myers was the owner of a
building situated upon a public street in the city of New York.
·On the first floor of the building the defendant O'Connell, a ten-
ant, had a liquor saloon, and he also used in connection with that
the basement.   For the purpose of lowering casks, barrels, etc.,
to the basement, an opening had been made, some six feet in length
and five feet. in width, immediately in front of and adjoining the
building.   This opening extended onto the sidewalk about one
foot.   It was covered with iron doors "which folded back in flaps."
The plaintiff came out of O'Connell's saloon, and started to walk
easterly, when he fell into the opening, the doors of which had been
left open, and was injured, and he brought this action against
Myers and O'Connell to recover the damages alleged to have been
sustained by reason thereof.   O'Connell, however, was not served
with the summons.   He did not appear in the action, and the trial
proceeded against Myers alone.   The material allegations of the
original complaint were as follows:

   "That immediately in front of the said side door, in the public sidewalk, the
said defendant had negligently maintained a large aperture, into which, without
fault on his part, this plaintiff fell, striking his arm and side, and severely
injuring him internally and externally, and so laming him that he has ever since
been, and for a long time to come will be, unable to do any work or earn any
wages; and that he suffered, and still suffers, and will continue to suffer, ·great
pain and anguish, both of body and mind, from the said injury; and that he
necessarily expended, and will continue to expend, sums of money in attempt-
ing to cure the said injuries, and reducing the pains caused thereby,—all of
which is due solely to the fault of the defendants."

At the close of the plaintiff's testimony the defendant moved to
dismiss the complaint on the ground that plaintiff had failed to
prove any negligence on the part of the defendant Myers.   The
court thereupon suggested that the plaintiff amend his complaint,
"in order to make this clearly an action for a nuisance."   Acting
upon this suggestion, the plaintiff asked leave to amend his com-

plaint by striking out the word "negligently." This request was granted, the court directing that the word "negligently" be stricken out "wherever it occurred in the second paragraph of the complaint." The trial then proceeded, and at the close thereof the defendant moved to dismiss the complaint as amended upon the ground that it did not state a cause of action. This motion was denied, and the case sent to the jury. The plaintiff had a verdict, and from the judgment entered thereon and the order denying a motion for a new trial the defendant has appealed.

It is strenuously urged by appellant's counsel that the court erred in permitting the plaintiff to amend his complaint in the manner above referred to, but, in the view entertained by us, it is unnecessary to pass upon this question. It is sufficient for our purpose to consider whether or not the complaint as amended stated a cause of action against the defendant Myers. If it did not, then the exception taken by the defendant to the refusal of the court to dismiss upon that ground was well taken. Did this complaint state a cause of action for a nuisance? We think not. It will be observed that there is no allegation in it of an unlawful act. The only fact pleaded which could possibly be construed as in any way looking in that direction is that defendant "had caused to be made and maintained" an opening in the public sidewalk. This, in and of itself, is not the statement of a wrongful act. Jorgensen v. Squires, 144 N. Y. 280, 39 N. E. 373. The opening referred to, so far as appears from the complaint, may have been constructed under and in pursuance of legal authority. It might have been not only so made, but also so guarded as to fully comply with all the requirements of law relating thereto. If so, no one would contend that its construction was a nuisance, or that its maintenance was such an act as would enable one, without showing negligence or want of care, to maintain an action to recover damages for an injury sustained by reason of it. It may not have interfered with the lawful use of the sidewalk by the public, and there is nothing in the complaint which in any way negatives the assumption that it in every respect was a proper and legal structure.

In the Jorgensen Case, above referred to, the court of appeals held "that the city authorities had power to permit the construction of cellar ways extending into the sidewalk, under such reasonable regulations as they might prescribe." It also held that "the broad powers for purposes of municipal government possessed by the common council of the city of New York, derived from its ancient charters, and modified and enlarged by subsequent statutes, include, to the fullest extent consistent with constitutional limitations, the power to control and regulate the public streets." In the absence, therefore, of an allegation to the effect that an opening was wrongfully or unlawfully made or maintained, or that statement of facts from which such wrongful or unlawful construction or maintenance could be inferred, a complaint would not state a cause of action for a nuisance. The complaint under consideration contains no such allegation, and there is no fact stated from which the same can be fairly inferred or implied. It

follows, therefore, that the complaint as amended did not state a cause of action, and the defendant's motion to dismiss on that ground should have been granted.

For the error thus committed the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; PATTERSON, J., in result.